IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAUL VILLARREAL GONZALEZ on behalf of himself individually, and ALL OTHERS SIMILARLY SITUATED | § § § § § | Civil Action No. |
| Plaintiffs, | § § | |
| v. | § § | COLLECTIVE ACTION |
| ENERMEX INTERNATIONAL, INC., ENERMEX RENTALS & SERVICE LLC., and EDGAR H. PADILLA | § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
<u>**COLLECTIVE ACTION**</u>

1. This case concerns a collective action against Defendants Enermex International, Inc., Enermex Rentals & Service LLC., and Edgar H. Padilla. All Defendants may be referred to collectively as "Defendants." Defendants misclassify their workers as independent contractors instead of as employees. In doing so, Defendants deny those workers the overtime they are entitled under the Fair Labor Standards Act ("FLSA"). Plaintiff brings this case as a collective action under the FLSA and seeks, on behalf of himself and all similarly situated employees, unpaid wages, liquidated damages, penalties, interest, attorneys' fees, and litigation costs.

2. Defendants have enacted a company policy to misclassify the Plaintiff and Putative Class Members as independent contractors, which was enforced at all of their locations throughout the United States. By doing so, Defendants illegally denied Plaintiff and the Putative Class Members compensation at time and one half their regular rates of pay for all hours worked over 40 in a workweek.

1

3. Through the conduct described in this Complaint, Defendants have violated federal law. Accordingly, Plaintiff, on behalf of himself and all others similarly situated, brings these claims and seeks unpaid compensation, liquidated damages, reasonable attorneys' fees and costs, and all other relief to which he and the Putative Class Members are entitled.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Defendants are subject to personal jurisdiction in Texas because they do business in Texas and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise the claims in this Complaint took place in this district.

## PARTIES

7. Plaintiff Raul Villarreal Gonzalez worked for Defendants as a welder and was misclassified as an independent contractor. He resides in Harris County, Texas. Plaintiff performed work for Defendants in Odessa and Houston, Texas within the last three years. His written consent is attached.

8. Defendant Enermex International, Inc. is a Texas corporation that may be served with process by serving its registered agent, Jorge Salas, at 1800 Washington Avenue, Suite 1000, Houston, Texas 77007.

9. Defendant Enermex Rentals & Service LLC. is a Texas corporation that may be served with process by serving its registered agent, Edgar Padilla, at 12543 Robert E Lee Road, Houston, Texas 77044.

10. Defendant Edgar H. Padilla is an individual who may be served with process by at 12543 Robert E Lee Road, Houston, Texas 77044.

11. At all times relevant herein, Defendants were joint employers under the FLSA.

## COVERAGE

12. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

13. At all material times, Defendants have been enterprises within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

14. At all material times, Defendants have been enterprises or enterprises in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

15. Furthermore, Defendants have an annual gross business volume of not less than $500,000.

16. At all material times, Plaintiff and each of the Putative Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

## FACTS

17. Enermex is a fabrication solutions provider for the oil and gas industry. Enermex offers a spectrum of engineering, procurement, fabrication and construction services for the refining industry.

18. Defendants employed Raul Villarreal Gonzalez as a Welder at its locations in Odessa and Houston Texas throughout 2017.

19. Defendants utilize Rig Welders that they classify as independent contractors.

20. Defendants use these welders across the country, including Texas.

21. Plaintiff was classified by Defendants as an independent contractor.

22. Likewise, the Putative Class Members were also Rig Welders who performed work for Enermex.

23. The Putative Class Members were also classified as independent contractors.

24. The Plaintiff and Putative Class Members are not independent contractors, but are employees.

25. The Plaintiff and Putative Class Members were paid an hourly rate of pay.

26. The Plaintiff and Putative Class Members performed manual labor, welding tasks.

27. Plaintiff regularly worked over 40 hours each week.

28. However, when he worked more than 40 hours, he was not paid any overtime wages for those hours worked in excess of 40.

29. Like Plaintiff, the Putative Class Members regularly worked more than 40 hours each week and were not paid overtime for those hours worked in excess of 40 in a workweek.

30. Given that they were misclassified as independent contractors, they were denied overtime pay.

31. That is, the Putative Class Members also were not paid overtime when they worked more than 40 hours in a workweek.

32. The Putative Class Members performed similar duties as Plaintiff.

33. Putative Class Members worked across the US, including in Texas.

34. Defendants paid Plaintiff and the Putative Class Members in the same manner – an hourly rate.

35. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and the Putative Class Members.

36. In addition, Defendants instructed Plaintiff and the Putative Class Members about when, where, and how they were to perform their work.

37. Moreover, the following conduct demonstrates that Defendants acted as an employer with respect to Plaintiff and the Putative Class Members:

   a. Defendants required Plaintiff and the Putative Class Members to report to their assigned job site at a set time;

   b. Defendants paid the Plaintiff and Putative Class Members a non-negotiable hourly rate, like employees;

   c. Defendants required Plaintiff and the Putative Class Members to request time off in advance and have that time away from work preapproved;

   d. Defendants set forth the required procedures to be followed and the order and manner in which Plaintiff and the Putative Class Members were to perform their work;

   e. Plaintiff and the Putative Class Members faced termination if they failed to perform their work in the manner required by Defendants;

   f. Defendants assigned Plaintiff and the Putative Class Members a substantial number of hours of work per week;

   g. Plaintiff's and the Putative Class Members' services were integrated into Defendants' operations;

    h.  Plaintiff and the Putative Class Members constituted the workforce without which Defendants could not perform their services;

    i.  Plaintiff and the Putative Class Members worked for Defendants for long periods of time as is common with employees; and

    j.  Defendants maintained the right to discharge Plaintiff and the Putative Class Members at any time.

38.    Furthermore, the degree of investment Plaintiff and the Putative Class Members made to perform their work pales in comparison to the expenses Defendants incurred.

39.    Further, Plaintiff and the Putative Class Members performed work that was integral to the operations of Defendants.

40.    Moreover, Defendants supervised and controlled the activities of Plaintiff and the Putative Class Members. Defendants monitored their work, reviewed their work, issued instructions, and directed their work in the manner deemed sufficient by Defendants.

41.    Despite these facts, Defendants improperly classified Plaintiff and the Putative Class Members as independent contractors and not as employees.

42.    Defendants misclassified the Plaintiff and Putative Class Members as independent contractors to avoid their obligations to pay these employees overtime.

43.    However, at all times, Plaintiff and the Putative Class Members were employees of Defendants.

44.    Although Plaintiff and Putative Class Members have been required to work more than forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

45.    No exemption applies to Plaintiff or the Putative Class Members.

46. Defendants' method of paying Plaintiff and the Putative Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA. Defendants' misclassification was not by accident, but a well thought out scheme to reduce their labor costs. Defendants knew the requirement to pay overtime to their employees, but intentionally and/or recklessly chose not to do so. Accordingly, Defendants' violations of the FLSA were willful.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

48. Plaintiff has actual knowledge that the FLSA Putative Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendants' misclassification of their employees.

49. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendants.

50. Other workers similarly situated to the Plaintiff worked for Defendants throughout the United States, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek because Defendants misclassify them as independent contractors.

51. Although Defendants permitted and/or required the FLSA Putative Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40).

52. Defendants have classified and continue to classify the FLSA Putative Class Members as independent contractors.

53. The FLSA Putative Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendants.

54. The FLSA Putative Class Members are not exempt from receiving overtime pay under the FLSA.

55. As such, the FLSA Putative Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

56. Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Putative Class Members.

57. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Putative Class Members.

58. The specific job titles or precise job responsibilities of each FLSA Putative Class Member does not prevent collective treatment.

59. All FLSA Putative Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

60. Although the exact amount of damages may vary among FLSA Putative Class Members, the damages for FLSA Putative Class Members can be easily calculated by a simple formula. The claims of all FLSA Putative Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLSA Putative Class Members.

61. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> All current and former Rig Welders classified as independent contractors and not paid an overtime rate at any time from three years prior to the date this Court authorizes Notice to the present.

## CAUSES OF ACTION

62. Plaintiff incorporates the preceding paragraphs by reference.

63. This count arises from Defendants' violation of the FLSA 29 U.S.C. 201, et seq., for its failure to pay Plaintiff and the FLSA Putative Class Members their overtime pay for the time worked in excess of 40 hours in a workweek.

64. For all hours worked in excess of 40 hours in a workweek, Plaintiff and the FLSA Putative Class Members were entitled to be paid one and one-half times their regular rates of pay.

65. Defendants violated the FLSA by failing to compensate Plaintiff and the FLSA Putative Class Members consistent with the FLSA with respect to the amount of work actually performed over 40 hours per week.

66. Plaintiff, on behalf of himself and the FLSA Class, also seeks reimbursement for any and all work related expenses incurred primarily for the benefit of Defendants. Without reimbursement for these expenses in those weeks when they worked overtime hours, Plaintiff and the FLSA Putative Class Members will not receive pay at time and one half their regular rate of pay for all hours worked over 40.

67. Defendants' failure to pay overtime to Plaintiff and the FLSA Putative Class Members, in violation of the FLSA, was willful and was not based on a good faith and reasonable belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

68.     Plaintiff will seek to certify Count I as a collective action and intends to recover all back wages, liquidated damages, penalties and prejudgment interest thereon due to Plaintiff and the other employees he represents.

## JURY DEMAND

69.     Plaintiff hereby demands trial by jury on all issues.

## PRAYER

70.     For these reasons, Plaintiff prays for:

a.  An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) for the FLSA Putative Class Members to permit them join this action by filing a written notice of consent;

b.  A judgment against Defendants awarding Plaintiff and the FLSA Putative Class Members all their unpaid overtime compensation, reimbursement of expenses, liquidated damages, and statutory penalties;

c.  An order awarding attorneys' fees, costs, and expenses;

d.  Pre- and post-judgment interest at the highest applicable rates; and

e.  Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

THE FOLEY LAW FIRM

By: */s/ Taft L. Foley II*
    Taft L. Foley, II
    Federal I.D. No. 2365112
    State Bar No. 24039890
    3003 South Loop West, Suite 108
    Houston, Texas 77054
    Phone: (832) 778-8182
    Facsimile: (832) 778-8353
    Taft.Foley@thefoleylawfirm.com